IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


UNITED STATES OF AMERICA,

       Plaintiff,

v.

ANTHONY SANDOVAL-RUELAS,

       Defendant.

04-CR-372-BR
(05-CV-1170-BR)

OPINION AND ORDER


**KAREN J. IMMERGUT**
United States Attorney
**JOHN C. LAING**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR 97204-2902
(503) 727-1000

       Attorneys for Plaintiff

**ANTHONY SANDOVAL-RUELAS**
No. 68075-065 B-421
Eloy Detention Center
1705 East Hanna Road
Eloy, Arizona 85231

       Defendant, *Pro Se*

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Anthony Sandoval-Ruelas's Motion to Vacate and Correct Sentence Pursuant Under [*sic*] 28 U.S.C. § 2255 (#34). For the reasons that follow, the Court **DENIES** Sandoval-Ruelas's Motion to Vacate and Correct Sentence.

## BACKGROUND

On February 23, 2005, pursuant to a Plea Agreement with the government, Petitioner entered a guilty plea to the charge of Possession with Intent·to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). Under the terms of the Plea Agreement, Petitioner agreed not to seek any downward departures or adjustments to the advisory Sentencing Guidelines range, agreed not to seek in any way a sentence below the advisory Sentencing Guidelines and agreed to plead guilty to the count of conviction. The government, in turn, agreed to a Base Offense Level of 34 prior to adjustments, agreed to recommend a two-level reduction in offense level if Petitioner met the criteria for "safety valve" relief from the mandatory minimum sentence pursuant to 18 U.S.C. § 3553(f), agreed to recommend a two-level minor role adjustment pursuant to U.S.S.G. § 3B1.2(b), agreed not to seek a sentence in excess of the advisory Sentencing Guidelines range, and agreed to dismiss "any remaining

2 - OPINION AND ORDER

counts against Petitioner."  Finally, the Plea Agreement

provided:

> [Petitioner] waives the right to appeal from any
> aspect of the conviction and sentence on any
> grounds . . . . [Petitioner] also waives the right
> to file any collateral attack, including a motion
> under 28 U.S.C. § 2255, challenging any aspect of
> the conviction or sentence on any grounds, except
> on grounds of ineffective assistance of counsel.
>
>            * * *
>
>     I HEREBY FREELY AND VOLUNTARILY ACCEPT THE
> TERMS AND CONDITIONS OF THIS PLEA OFFER, AFTER
> FIRST REVIEWING AND DISCUSSING EVERY PART OF IT
> WITH MY ATTORNEY.  I AM SATISFIED WITH THE LEGAL
> ASSISTANCE PROVIDED TO MY BY MY ATTORNEY.  I WISH
> TO PLEAD GUILTY BECAUSE, IN FACT, I AM GUILTY.

At that hearing, the Court specifically reviewed the waiver

and its implications with Petitioner as follows:

>     THE COURT:     You're also, in your plea
> agreement, giving up the right to appeal to a
> higher court the decisions I make in your case,
> the fact that I allow you to plead guilty and the
> sentence I impose, so long as I sentence you
> effectively within the guideline range you're
> talking about.  Do you understand?
>
>     THE DEFENDANT: I understand.
>
>     THE COURT:     Although I have authority to
> sentence you outside the guideline range if I
> determine that would be a proper exercise of
> discretion, you're agreeing not to ask a higher
> court to review the case under any circumstances
> if I sentence you within the range of 46 to 57
> months.  Do you understand?
>
>     THE DEFENDANT: Yes.
>
>                * * *
>
>     THE COURT:     Finally, you're giving up the

> right to make a collateral attack, a habeas corpus
> claim, challenging any aspect of your conviction
> and sentence except on the grounds of ineffective
> assistance of counsel. Do you understand?

THE DEFENDANT: I understand.

On May 11, 2005, the Court sentenced Petitioner to a prison term of 46 months based on a Total Offense Level of 23 after reducing the Base Offense Level of 30 by 7 for the "safety valve" application, for playing a minor role in the scheme, and for acceptance of responsibility. Under the advisory Sentencing Guidelines, a Total Offense Level of 23 with a Criminal History Category I results in a range of imprisonment of 46-57 months. The Court found 46 months was an appropriate sentence under all of the circumstances. The Court entered Judgment on May 11, 2005.

On June 26, 2005, however, Petitioner moved to vacate his sentence pursuant to 28 U.S.C. § 2255 on the ground that he was deprived of his Sixth Amendment right to effective assistance of counsel at the time of sentencing.

## DISCUSSION

Petitioner moves to vacate his sentence on the ground that he received ineffective assistance of counsel at sentencing, and, therefore, his guilty plea was not knowingly and voluntarily tendered. Petitioner contends his attorney should have requested and the Court should have granted an additional two-point

4 - OPINION AND ORDER

downward departure in his Base Offense Level "as a consequence of his status as a deportable alien which should have been considered as a mitigating factor at sentencing."

To prevail on his claim of ineffective assistance of counsel, Petitioner must show his counsel's performance fell below an objective standard of reasonableness and counsel's inadequate performance prejudiced Petitioner's defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first part of this test requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. While this burden is not insurmountable, there is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." *Id.* at 689.

To establish the second prong of the *Strickland* test, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See id.* at 694. To determine whether Petitioner was prejudiced by ineffective assistance of counsel, this Court must examine whether the "'result of the proceeding was fundamentally unfair or unreliable.'" *See United States v. Palomba*, 31 F.3d 1456, 1460-61 (9th Cir. 1994)(quoting *Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993)).

The Ninth Circuit has held "the possibility of deportation is not a proper ground for departure" from the Sentencing Guidelines. *United States v. Alvarez-Cardenas*, 902 F.2d 734 (9th Cir. 1990). *See also United States v. Zepeda-Valles*, 87 F.3d 1325, 1325 (9th Cir. 1996); *United States v. Crippen*, 961 F.2d 882, 883 (9th Cir. 1992). Before *United States v. Booker*, 125 S. Ct. 738 (2005), the Sentencing Guidelines were mandatory. In *Booker*, however, the Supreme Court rendered the Sentencing Guidelines advisory. Nevertheless, the Supreme Court held district courts must "take account" of the Sentencing Guidelines when sentencing defendants. *Id*. at 764-65.

Even though the Sentencing Guidelines relied on in *Alvarez-Cardenas*, *Zepeda-Valles,* and *Crippen* are now advisory, the reasoning behind the Ninth Circuit's determination that deportation is not a proper basis for a downward departure from those Guidelines is still persuasive. As the court explained in *Alvarez-Cardenas*:

> The possibility of deportation does not speak to the offense in question, nor does it speak to the offender's character. It is quite unlike the specific considerations listed in U.S.S.G. § 5K2. On the other hand, deportation is quite similar to the factors set forth in U.S.S.G. § 5H1, which are considered inappropriate grounds for departure in most instances. For example, age (§ 5H1.1), mental and physical condition (§§ 5H1.3 and 5H1.4), education (§ 5H1.2), community ties (§ 5H1.6), and, more directly, race, national origin, and socio-economic status (§ 5H1.10) are not proper grounds for departure. The factors in § 5H1, in large part, speak to status issues that

> merely describe the defendant as opposed to issues
> that might be thought to describe characteristics
> that ought to affect his culpability or the
> seriousness of the offense.  Deportation is
> similar.  A defendant's crime is no less serious,
> nor is his history of past actions changed because
> he may be subjected to deportation proceedings at
> some point in the future. . . .We decline to
> support such an interpretation of the Guidelines.

902 F.2d at 737.

The Court finds, in its discretion, that Petitioner's status as a deportable alien is not a proper basis for a reduction in Petitioner's sentence and, in any event, is not a persuasive basis for the Court to exercise its sentencing discretion to impose a more lenient sentence.

The Court, therefore, finds Petitioner has not shown his counsel's performance fell below an objective standard of reasonableness or counsel prejudiced Petitioner's defense when he failed to seek a two-point reduction in Petitioner's sentence based on his deportable status.  Accordingly, the Court denies Petitioner's Motion to Vacate his sentence based on his Sixth Amendment right to effective assistance of counsel.

The Court notes an evidentiary hearing is required in habeas proceedings when the petitioner's allegations, if proved, would establish his right to relief.  *Silva v. Woodford,* 279 F.3d 825, 833 (9th Cir. 2002).  In light of the Court's disposition of Petitioner's claims based on their legal merits, however, the Court finds there is not any factual dispute to warrant an

evidentiary hearing. The Court, therefore, denies Petitioner's
request for an evidentiary hearing.

### CONCLUSION

For these reasons, the Court **DENIES** Petitioner Anthony
Sandoval-Ruelas's Motion to Vacate and Correct Sentence (#34).

IT IS SO ORDERED.

DATED this 3rd day of November, 2005.


_____
ANNA J. BROWN
United States District Judge


Sandoval-Ruelas  CV 05-1170 O&O. 11-02-05.wpd